NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――

**IDEAHUB INC.,**
*Appellant*

**v.**

**UNIFIED PATENTS, LLC,**
*Appellee*

―――――――――

2022-1160

―――――――――

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2020-00702.

―――――――――

Decided: February 10, 2023

―――――――――

KAYVAN B. NOROOZI, Noroozi PC, Los Angeles, CA, argued for appellant.

ANGELA M. OLIVER, Haynes and Boone, LLP, Washington, DC, argued for appellee. Also represented by RAGHAV BAJAJ, Austin, TX; DEBRA JANECE MCCOMAS, DAVID L. MCCOMBS, Dallas, TX; MICHELLE ASPEN, ROSHAN MANSINGHANI, Unified Patents, LLC, Chevy Chase, MD.

―――――――――

Before MOORE, *Chief Judge*, HUGHES and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Unified Patents, LLC filed a petition with the United States Patent Trial and Appeal Board to institute inter partes review of claims of U.S. Patent No. 9,641,849. Ideahub, Inc. appeals from the Board's Final Written Decision determining all challenged claims are unpatentable as obvious over asserted prior art references and denying Ideahub's motion to amend because the proposed substitute claim lacked written description support in the originally filed disclosures.

We affirm. First, the Board's finding that Kalevo teaches determining "the intra mode for the current block . . . by using . . . mathematical expressions" is supported by substantial evidence, including the disclosure of Kalevo and expert testimony interpreting that disclosure. Thus, we affirm the Board's conclusion that the challenged claims are unpatentable as obvious. Second, the Board's finding that the portions of the '849 patent specification that Ideahub identified in its motion to amend and subsequent revised motion to amend did not provide written description support for "determining an intra mode for a neighboring block of a current block" is supported by substantial evidence, including expert testimony explaining the cited portions of the '849 specification. We therefore affirm the Board's denial of Ideahub's revised motion to amend as well. Although Ideahub presents new arguments on appeal purporting to show that the proposed substitute claim has written description support—arguments which may well have merit—those arguments were not made before the Board and are thus forfeited. *In re Google Tech. Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020) ("We have regularly stated and applied the important principle that a position not presented in the tribunal under review will not

IDEAHUB INC. v. UNIFIED PATENTS, LLC                               3

be considered on appeal in the absence of exceptional circumstances.").

For the reasons above, we affirm the Board's Final Written Decision in its entirety.

## AFFIRMED